IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROOSEVELT M. GRANDY | * | |
|    *Plaintiff* | * | |
| | * | |
|    v. | * | |
| | * | |
| CITY OF BALTIMORE | * | |
| BALTIMORE CITY DEPARTMENT OF | * | |
|   PUBLIC WORKS | * | |
| and | * | Civil No. ELH-18-1330 |
| CITY OF BALTIMORE HUMAN | * | |
|   RESOURCES | * | |
|    *Defendants*. | * | |
| | * | |

********

## MEMORANDUM OPINION

In this employment discrimination case, self-represented plaintiff Roosevelt M. Grandy has sued the Baltimore City Department of Public Works ("DPW"), as well as the City of Baltimore (the "City"), the "City of Baltimore Human Resources" ("DHR"), and three individuals. *See* ECF 1 ("Complaint"). He has twice amended his suit. *See* ECF 6 ("First Amended Complaint"); ECF 9 ("Second Amended Complaint").

Grandy alleges retaliation and failure to promote in violation of the following: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); (3) § 3-1(5) of Article 4 of the Baltimore City Code; (4) §§ 1-2 of the Baltimore City Administrative Manual AM-204-18 (the "Manual"), and (5) multiple articles of the Memorandum of Understanding between Baltimore City and the City Union of Baltimore, Local 800, ATF, AFL-CIO ("Collective Bargaining Agreement") for Fiscal Years 2017-2019. *See id.* He seeks a promotion to the position

of Liaison Officer I, as well as punitive damages, liquidated damages, and back pay. ECF 9 at 7; *see also* ECF 1 at 6.

Two motions are now pending.[1] First, defendants have moved to dismiss all of plaintiff's claims, with the exception of his claim brought under the ADEA. ECF 13 ("Defendants' Motion"). Pursuant to Fed. R. Civ. P. 12(b)(6), they seek dismissal on the ground that plaintiff fails to state a claim under Title VII, the Collective Bargaining Agreement, and Article 4 of the Baltimore City Code. ECF 13 at 6-8. They also claim that the individual defendants, DPW, and DHR "have no legal identity and are not subject suit." *Id.* at 5. They do not directly address plaintiff's claims under the Manual. Second plaintiff filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). ECF 23 ("Plaintiff's Motion").

The parties oppose one another's motions. *See* ECF 21 ("Plaintiff's Opposition"); ECF 27 ("Defendants' Opposition"). The parties did not reply, and the time for them to do so has expired. *See* Docket; Local Rule 105.2.a.

The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sause v. Bauer*, ___ U.S. ___, 138 S. Ct. 2561, 2563 (2018); *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, no hearing is necessary to resolve the motions. *See* Local Rule 105.6.

For the reasons that follow, I shall deny plaintiff's Motion, and I shall grant Defendants' Motion in part and deny it in part. In particular, I shall grant Defendants' Motion as to the discrimination claim brought under Title VII and the claims under the Collective Bargaining

---

[1] Earlier in the litigation, plaintiff moved for summary judgment pursuant to Fed. R. Civ. P. 56. ECF 14. I denied that motion by Order of July 31, 2018. ECF 22 (Order).

Agreement. I shall also grant the Defendants' Motion as to the three individually named defendants, as well as DPW and DHR. However, I shall deny the Motion as to the claim brought under §§ 1-2 of the Manual. Furthermore, I shall construe the Second Amended Complaint's claim of retaliation brought under Title VII as one brought under § 4(d) of the ADEA, as amended, 29 U.S.C. § 623(d). I shall also construe the claim of discrimination brought under § 3-1(1) of Article 4 of the Baltimore City Code as one brought under § 3-1(5).

## I. Factual Background[2]

The Baltimore City Charter establishes a municipal corporation known as "'Mayor and City Council of Baltimore,'" which "may sue or be sued." Balt. City Charter, Art. 1, § 1. It also establishes the Baltimore City Department of Public Works ("DPW") and the Department Human Resources ("DHR"). *See id.* Art. VII, §§ 27-42 (creating DPW); *id.* Art. VII, §§ 96-97 (creating DHR).

Grandy was born in 1956. ECF 9 at 4. He began working for DPW's Bureau of Water and Wastewater on November 5, 2001. *See* ECF 8-2 (Letter from Nikki Jackson, Office Supervisor for the Bureau of Waste and Waster of the DPW, dated May 6, 2010). On December 13, 2011, he earned a Bachelor of Science from Coppin State University. *See* ECF 8-4 (Diploma). According to Grandy, DHR told him that his degree entitled him to the "In-Promotion Office Assistant III position." ECF 8 ("Supplement to First Amended Complaint").[3] At the time and throughout the

---

[2] Given the posture of the case, the Court must assume the truth of Grandy's factual allegations. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Also, as discussed, *infra*, I may consider exhibits appended to the suit.

[3] Although Grandy refers to the position as an "Office Assistant III," he provided an e-mail from Baltimore City telling him that "the Department of Human Resources has found you eligible for appointment" as an "Office Support Specialist III." *Compare* ECF 8 *with* ECF 8-3 (E-mail from Baltimore City employee Kiwahna Reid, dated October 13, 2016).

3

relevant period, Grandy was classified as an Office Assistant II. ECF 9.

On July 20, 2016, plaintiff interviewed for the open position of Liaison Officer I. ECF 9 at 5. The interview was conducted by a three-member panel of DPW staff as well as DHR representative Ajeenah Green. *Id.*; ECF 1-1 at 1. Grandy maintains that during the interview, he was "asked a question about [his] age," which he answered. ECF 9 at 5. According to Grandy, Green "did not communicate to [the] panel [that] the question was discriminatory." *Id.*

The position was not offered to Grandy. If he had been selected, the position would have been a promotion for him. ECF 9 at 7. Instead, the City selected a candidate "at least 30 years younger than all of the other interviewees." ECF 1-1 ("EEOC Determination Letter") at 1. According to the Equal Employment Opportunity Commission ("EEOC"), "the test results . . . were a compilation of subjective interview scores by the panel members." *Id.* The "selected candidate . . . was given a perfect score on every answer by two members of the interview panel and prefect scores on almost all responses by the third." *Id.* The other three interviewees, including Grandy, did not receive a single perfect score on any question from any member of the interview panel. *Id.* Additionally, "notes of the selected candidate's interview reveal that she cited her youth as a positive factor in response to a particular interview question; that response was scored highly by all members of the interview panel." *Id.*

After Grandy was not selected for the position, he "was told to file a grievance pursuant to Grievance Procedures of the Memorandum of Understanding [i.e., the Collective Bargaining Agreement] Article 8." ECF 9 at 5. But, it appears that Grandy thought the grievance process was biased and that his case "needed to be investigated by an outside agency." *Id.*; *see* ECF 21 ("Plaintiff's Opposition") at 1 ("I did not pursue the grievance process . . . because I saw [on a previous occasion] that justice was not equally applied[.]"). Grandy concedes that he did not

4

complete the Collective Bargaining Agreement's four-step grievance process. ECF 21 at 1 ("I did not pursue the grievance process pursuant to the City of Baltimore and Union of Baltimore Memorandum of Understanding [i.e., Collective Bargaining Agreement]); *see also* ECF 18 at 5-8 (Article 8 of the Collective Bargaining Agreement).

Plaintiff also sought relief through the EEOC's investigative and remedial processes. According to Gandy, on March 20, 2017, he filed a charge of discrimination based on age, as well as retaliation, with the EEOC. ECF 1 at 5; ECF 1-1 at 1.[4] Grandy did not file a copy of the charge with the Court.

"During the process of filing for a grievance and gathering documentation for [his] EEOC claim," Grandy "continued to apply for several other position[s] in the [C]ity[.]" ECF 9 at 5-6. According to Grandy, the City did not notify him of a vacant Office Specialist III position, in retaliation for his preparation of an EEOC charge based on the City's earlier refusal to promote him. ECF 9 at 6. The City filled the position with a candidate from another division. *Id.*; *see also*

---

[4] Under both Title VII and the ADEA, a plaintiff must file a charge of discrimination with the EEOC, or a comparable state agency, before filing suit in federal court. 42 U.S.C. § 2000e–5(f)(1); *see Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009); *see also Nnadozie v. Genesis Healthcare Corp.*, 730 Fed. App'x 151, 161 (4th Cir. 2018). The charge must "describe generally the action or actions complained of," in order to provide the charged party with adequate notice. 29 C.F.R. § 1601.12(b); *see Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 670 (4th Cir. 2015) ("We recognize that a primary objective of exhaustion requirements is to put parties on notice of the allegations against them."); *Balas v. Huntington Ingalls Indus.*, Inc., 711 F.3d 401, 407 (4th Cir. 2013). The "exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).

Under Title VII and the ADEA, an aggrieved person must file a complaint with the EEOC within 180 days of the alleged discrimination, except in a "deferral" jurisdiction, where the period is 300 days. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 & n.3 (4th Cir. 2002). Maryland is a deferral state, and plaintiff filed his charge within the 300-day period. Upon receipt of a right-to-sue letter, an aggrieved individual must file suit within ninety days, as required by 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed suit within this time limit. *See* ECF 6; ECF 8-6 at 2-3; ECF 9.

ECF 14-2 at 2. Defendants maintain that Grandy was not contacted for the open position because he did not sit for the qualifying exam. *See* ECF 9 at 6; ECF 14-2 at 2.

In February 2017, another Liaison Officer I position became available. ECF 14-2 at 2. Grandy asserts that the City did not consider him as another act of retaliation. *Id.* According to the DHR, Grandy was not considered for the position because the interview applicants were pulled from the so-called "promotional list" dated February 28, 2017. *Id.* Grandy was not on this list "because he applied for the previous Liaison Officer [] I position on 4/29/16, under the open list option and not under the promotion list option." *Id.*

The EEOC issued a Determination on January 31, 2018, finding "reasonable cause to believe" that Grandy "was denied [a] promotion to the Liaison Officer I position September 21, 2016, due to his age, in violation of the ADEA." ECF 1-1 at 2. The EEOC "made no finding" as to Grandy's other allegations. *Id.* According to Grandy, the City did not engage in reconciliation with the EEOC officer. *See* ECF 9 at 5.

On February 29, 2018, Grandy accepted a promotion to the position of "Office Support Specialist III" for the Department of Transportation. ECF 9 at 6. He filed this suit on May 8, 2018. ECF 1. Three weeks later, the EEOC issued a Notice of Failure to Conciliate (ECF 9-1 at 3) and a Notice of Suit Rights (ECF 8-6 at 2-3). The Notice of Suit Rights instructed plaintiff that a "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of [his] receipt of this notice**; or [his] right to sue based on this charge will be lost." ECF 8-6 at 2.

Plaintiff amended his Complaint on June 4, 2018. ECF 6. Plaintiff filed his Second Amended Complaint (ECF 9) on June 19, 2018. And, plaintiff has twice submitted supplements to his complaints. *See* ECF 3 ("Supplement to Complaint"); ECF 8 ("Supplement to First Amended Complaint").

## II. Motion To Dismiss

### A. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss, under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 440 (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards,* 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare

circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman* ).

### B. Exhibits

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

To be "integral," a document must be one "that by its 'very existence, *and not the mere*

9

*information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).

Grandy submitted several exhibits with his complaints and as supplements to those complaints.[5] These include ECF 1-1 at 1-2 (EEOC Determination Letter dated January 31, 2018); ECF 6-1 (Excerpts from Article 4 of the Baltimore City Ordinance); ECF 6-2 (Excerpts from §§ 1-

---

[5] Some exhibits were filed multiple times. For such exhibits, I shall cite the earliest filing.

2 of the Manual); ECF 6-3 (Article 47 § A of the City of Baltimore and CUB Union of Baltimore Memorandum of Understanding); ECF 6-4 (Article 6 § A of the City of Baltimore and CUB Union of Baltimore Memorandum of Understanding)); ECF 6-5 (Article 25 §§ A-B of the City of Baltimore and CUB Union of Baltimore Memorandum of Understanding); ECF 8-2 (Letter from Nikki Jackson, Office Supervisor for the Bureau of Waste and Waste Water of the DPW, dated May 6, 2010); ECF 8-3 (E-mail from Baltimore City employee Kiwahna Reid, dated October 13, 2016); ECF 8-4 (Coppin State University diploma); ECF 8-6 at 1 (Military service record); ECF 8-6 at 2-3 (Notice of Suit Rights); and ECF 9-1 at 3 (Notice of Failure to Conciliate). Because these exhibits were submitted with the suit, and are integral to it, I may consider them without converting defendants' Motion to one for summary judgment.

Two of the exhibits that plaintiff appended to his complaint are not integral: ECF 1-1 at 3 (April 2018 correspondence between Grandy and Dr. Phillip Hoefs, EEOC Investigator); ECF 3 (Letter from Grandy to Dr. Hoefs, undated). Therefore, I will not consider them.

Grandy also attached several exhibits with his Motion for Summary Judgment (ECF 14), which was subsequently denied. *See* ECF 22. The exhibits include ECF 14-1 (Union card displaying Grandy's status as a union delegate); ECF 14-2 (Letter from DHR to EEOC, dated June 14, 2017); ECF 14-3 (Certificate of Training from University of Maryland Baltimore County); ECF 14-4 (Certificate in Network Specialist from Baltimore City Community College); ECF 14-5 (Transcript for Baltimore City Community College); ECF 14-7 (Sigma Beta Delta membership).[6] Only the Letter from DHR to EEOC is foundational to the Second Amended Complaint, because Grandy explicitly relies on it and its authenticity is not disputed. *See* ECF 9 at 6 ("I was not being promoted according to respondent due to [my] failure to take a scheduled exam").

---

[6] ECF 14-6 and ECF 14-8 are duplicates of previously submitted exhibits.

Defendants attached several exhibits with their opposition (ECF 20) to the Motion for Summary Judgment: ECF 20-1 at 2-3 (Affidavit of Vanessa Garretty-Ingram, Chief of Human Resources for DPW's Human Resources Office); ECF 20-1 at 4 (Overall interview scores for Liaison Officer I position); ECF 20-2 (Interview scores for Raquel Robbins); ECF 20-3 (Interview scores for Grandy); ECF 20-4 (Interview scores for Beryl Dade); ECF 20-5 (Interview scores for and resume of Kim Pinkney). Plaintiff does not rely on these documents in his Second Amended Complaint. Therefore, I may not consider them in the context of this Memorandum Opinion.

With their Motion To Dismiss, defendants also submitted excerpts (ECF 18) from the Collective Bargaining Agreement. Because plaintiff relied on the Collective Bargaining Agreement as a basis for the breach of contract claim in his Second Amended Complaint, it is integral to the suit. *See Chesapeake Bay Found., Inc*, 794 F. Supp. 2d at 611; *see also Tethys Health Ventures, LLC v. Zurich Am. Ins. Co.*, No. CIV. WDQ-11-2761, 2012 WL 1999470, at *1 (D. Md. June 1, 2012) ("A court may consider documents referenced in and relied on by the complaint on a 12(b)(6) motion without converting it into a motion for summary judgment."). Therefore, I may consider the excerpts from the Collective Bargaining Agreement, without converting the Motion to one for summary judgment.

Plaintiff submitted additional exhibits with his Opposition. *See* ECF 21-1 (Letter of recommendation for Grandy from James Patrick, a General Superintendent of DPW, dated June 3, 2010); ECF 21-2 at 1-8 (References and letters of recommendation on behalf of Grandy); ECF 21-2 at 9 (Screenshot of EEOC Public Portal showing status of Grandy's charge); ECF 21-2 at 10-12 (Grandy's resume). Plaintiff does not rely on these exhibits in his Second Amended Complaint, and they do not, by their mere existence, give rise to Grandy's claims of discrimination and retaliation. Accordingly, I shall not consider them in the context of this Memorandum Opinion.

## C. Discussion

### 1. DHR and DPW as Defendants

Defendants contend that DHR and DPW "are simply branches of the City government, and, as such have no legal identity and are not subject to suit." ECF 13 at 5. Therefore, they contend that DHR and DPW are not proper defendants, and ask the Court to dismiss the Second Amended Complaint against them on that basis. *Id.* Grandy does not address the issue in his Opposition. *See* ECF 23.

Judges of this Court have recognized that a department within Baltimore City government or within a Maryland county government may not sue or be sued. *See Johnson v. Mayor & City Council of Balt. City*, RDB-10-0514, 2011 WL 4351516, at *3 (D. Md. Sept. 15, 2011); *Strebeck v. Balt. Cty. Police Dep't*, JFM-05-2580, 2005 WL 2897932, at *1 (D. Md. Oct. 17, 2005); *James v. Frederick Cty. Pub. Sch.,* 441 F. Supp. 2d 755, 758 (D. Md. 2006); *Adams v. Calvert Cty. Pub. Sch.,* 201 F. Supp. 2d 516, 520 n.3 (D. Md. 2002). Here, plaintiff has sued DHR and DPR. As departments within the City government, they are not proper defendants. Therefore, the Second Amended Complaint is subject to dismissal as to DHR and DPW.

### 2. Title VII

Defendants argue that plaintiff has no "cognizable claim of discrimination under Title VII" because "[a]ge discrimination does not fall within the scope of Title VII's protections." ECF 13 at 5. Defendants also maintain that plaintiff has not "establish[ed] a foundation for pursuing a claim of retaliation under Title VII." *Id.* at 6. Specifically, he has not stated that he engaged in any protected activity under Title VII. *Id.*

Section 703 of Title VII, 42 U.S.C. § 2000e-2 states :

> It shall be an unlawful employment practice for an employer—
>
> > (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> > (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Although Title VII prohibits discrimination on the basis of various characteristics, age is not among them. During the passage of the Civil Rights Act of 1964, the House and Senate voted down amendments to add to Title VII a prohibition on age discrimination. *See* 110 Cong. Rec. 9911-13 (1964); 110 Cong. Rec. 2596-99 (1964). Indeed, Congress did not prohibit age discrimination in the workplace until it enacted the ADEA in 1967.

Therefore, plaintiff's age-based retaliation claim fails under Title VII. However, because plaintiff is self-represented, and I am obligated to construe his pleadings liberally, I shall construe his retaliation claim as one brought under § 4(d) of the ADEA, 29 U.S.C. § 623(d). *Erickson*, 551 U.S. at 94.

Accordingly, I shall dismiss plaintiff's discrimination claim under Title VII, but construe his retaliation claim as one brought under the ADEA.

### 3. Collective Bargaining Agreement

Plaintiff alleges that the City violated several provisions of the collective bargaining agreement, including Articles 6.A (Discrimination), 25 (Seniority), 31 (Promotional, Employment Opportunity, and Job Transfer List), and 47.A (Termination, Modification or Amendment). ECF 6 at 1. But, according to defendants, the Collective Bargaining Agreement's grievance and arbitration procedures provide the exclusive remedy for plaintiff's grievances. ECF 13 at 6-7. In

their view, plaintiff may sue in court under the Collective Bargaining Agreement only after he has exhausted these procedures, which he has not done. *Id.*

Article 8 (Grievance and Arbitration Procedure) of the Collective Bargaining Agreement provides a four-step grievance and arbitration process. ECF 18 at 5-8. To be sure, where a contract provides for specific remedies, "[i]t is well recognized that before an individual may sue his employer in court, he must show that he exhausted [those] contractual remedies." *Pope v. Bd. of Sch. Comm. of Balt. City*, 106 Md. App. 578, 597, 665 A.2d 713, 722 (Md. Ct. Spec. App. 1995); *accord Carter v. Mayor & City Council of Baltimore*, No. CV WMN-07-3117, 2009 WL 10682095, at *4 (D. Md. June 18, 2009).

Article 8.A of Collective Bargaining Agreement states that "any grievance . . . *may* be settled" through the Agreement's grievance and arbitration procedure. The use of the word "may" does not undermine the exhaustion requirement. *See* ECF 18 at 6 (emphasis added).

In *Gazunis v. Foster*, 400 Md. 541, 929 A.2d 531 (2007), the Maryland Court of Appeals held that an employee could not litigate her case against her employer in the circuit court because she had failed to exhaust the grievance procedures provided for by contract, and "a plaintiff must exhaust all contractual remedies as a condition precedent to seeking judicial relief in the courts." *Id.* at 565, 929 A.2d at 545. Critically, the contract in *Gazunis*, like the Collective Bargaining Agreement here, provided that an employee "may" use the available grievance procedures, but the court rejected the argument that the use of word "may" rendered exhaustion of the contractual grievance procedures an optional condition to filing suit. *See id.*

Consequently, I agree that plaintiff was required to exhaust the available contractual procedures before bringing claims under the Collective Bargaining Agreement in this Court.

Plaintiff's failure to allege such exhaustion requires dismissal of his breach of contract claims. *See* ECF 21 at 1.

### 4. Article 4 of the Baltimore City Code

Plaintiff contends that City has discriminated against him in violation of § 3-1(5) of Article 4 of the Baltimore City Code. ECF 9. According to the defendants, this claim must be dismissed because § 3-1(5) applies solely to labor organizations and thus not to the City.

Article 4, § 3-1 states, in relevant part:

> Except where a particular occupation or position reasonably requires, as an essential qualification, the employment of a person or persons of a particular race, color, religion, national origin, ancestry, sex, age, marital status, physical or mental capability, sexual orientation, or gender identity or expression and that qualification is not adopted as a means of circumventing the purpose of this article, it is an unlawful employment practice:
>
> > (1) for any employer to discriminate against an individual with respect to hire, tenure, promotion, terms, conditions, or privileges of employment or any matter directly or indirectly related to employment;
> > ***
> > (5) for any labor organization to discriminate against any individual by limiting, segregating, or classifying its membership in any way which would deprive or tend to deprive such individual of employment opportunities or would limit his employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment or would affect adversely his wages, hours, or employment conditions[.]

The City is an employer and thus subject to suit under § 3-1(1), not § 3-1(5). In light of my obligation to construe liberally the pleadings of a pro se litigant, I shall construe plaintiff's claim as brought under § 3-1(1) instead of § 3-1(5). *Erickson*, 551 U.S. at 94.

### 5. Baltimore City Administrative Manual

Plaintiff asserts discrimination under §§ 1-2 of the Baltimore City Administrative Manual AM-204-18. Although defendants seek dismissal of these claims, they do not directly address them in their Motion. *See* ECF 13.

16

Section 1 of the Manual "strictly prohibits" "[a]ll forms of unlawful discrimination." ECF 6-2 at 1. It expresses the City's "commitment to inclusion and non-discrimination." *Id.* Further, it states that "City agencies will base all employment decisions [on] individual merit . . . without regard to . . . age . . . or any other status protected by law." *Id.*

Section 2 of the Manual asserts that "harassment based on . . . age . . . or any other status protected by law" will not be tolerated. ECF 6-2 at 2. Under § 2, "[i]nappropriate harassing behavior may include, but is not limited to, verbal abuse, slurs and negative stereotyping, offensive jokes and comments, threatening or intimidating behavior, the display or circulation of offensive objects and material (including offensive graffiti, photographs, cartoons, texts and emails) and any other behavior meant to mistreat someone because of his or her . . . age." *Id.*

Plaintiff alleges no facts that would support a finding of harassment under § 2 of the Manual. Although detailed factual allegations are not required, a complaint must have "facial plausibility," which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Instead, it must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 616 (D. Md. 2016), *aff'd*, 685 Fed. App'x 261 (4th Cir. 2017) (per curiam). Accordingly, I shall dismiss plaintiff's claim under § 2 of the Manual for noncompliance with the notice requirements of Fed. R. Civ. P. 8(a).

To be sure, I am skeptical that the Manual provides for a cause of action under § 1 or § 2. However, defendants provide no basis for the Court to reach that conclusion. Judges "are not like pigs, hunting for truffles buried in the briefs," nor is it the Court's "job to wade through the record and make arguments for either party." *Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 138 S. Ct. 1595

(2018); *see also Brooks v. Field*, No. 6:14-cv-2267-BHH, 2016 WL 1165409, at *7 (D.S.C. Mar. 25, 2016) (quoting *Bell v. Fairmont Raffles Hotel Int'l*, No. 12-cv-757, 2013 WL 1291005, at *2 (W.D. Pa. Mar. 27, 2013)) ("'It is not the job of this Court to provide the legal research necessary to support the . . . [party's] arguments if the . . . [party is] unwilling to do so'" itself.). Therefore, I shall deny, without prejudice, defendants' motion to dismiss as to the claim brought under § 1 of the Manual.

### 6. Individually Named Defendants

Defendants assert that "[i]t is unclear whether Plaintiff intended to include as Defendants the Supervisor for the Department of Public Works (James Price), the Director of the Department of Human Resources (Mary Talley), and/or undersigned counsel [Gary Gilkey] as Chief of the Labor and Employment Division for the Baltimore City Law Department." ECF 13 at 1 n.1. Plaintiff has not referred to these individuals elsewhere in his filings with the Court. Although of no legal consequence, the Court's CM/ECF Document Filing System does not list the three officials as defendants. *See* Docket. Defendants therefore seek the dismissal of Price, Talley, and Gilkey from this lawsuit.

To the extent that Grandy has sued Price, Talley, and Gilkey in their official capacities, the claims against them are duplicative of his claims against the City. "If, as in this case, the government entity has received an opportunity to respond to a suit filed against one of its agents in his or her official capacity, the suit is in all respects, other than name, a suit against the entity." *Vincent v. Prince George's Cnty.*, 157 F.Supp.2d 588, 595 (D. Md. 2001); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as

18

a suit against the entity."); *Huggins v. Prince George's Cnty.*, 683 F.3d 525, 532 (4th Cir. 2012) (treating suit against individuals in official capacity as suit against County).

To the extent that Grandy has sued Price, Talley, and Gilkey in their individual capacities, plaintiff has not alleged facts against them. A complaint must have "facial plausibility." *Iqbal*, 556 U.S. at 678. That is, it must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, plaintiff's claims against the individual defendants fail for noncompliance with the notice requirements of Fed. R. Civ. P. 8(a).

Because the claims are deficient as to Price, Talley, and Gilkey, the suit is subject to dismissal as to these defendants.

### III.     Motion for Judgment on the Pleadings

Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Defendants, however, have not yet filed answers, submitting a motion to dismiss instead. *See* Docket; ECF 13. Therefore, plaintiff's Motion under Rule 12(c) is premature. *See Guthrie v. Nw. Mut. Life Ins. Co.*, No. DKC 09-2342, 2010 WL 3260001, at *4 (D. Md. Aug.18, 2010) ("'A motion for judgment on the pleadings is plainly inappropriate here, because the pleadings have not been closed by answers from all defendants.'") (quoting *Little v. Fed. Bureau of Investigation*, 793 F.Supp. 652, 653 (D. Md. 1992), *aff'd*, 1 F.3d 255 (4th Cir.1993)) (alteration omitted); *see also Garvey v. Seterus, Inc.*, No. 5:16-CV-00209-RLV, 2017 WL 2722307, at *13 (W.D.N.C. June 23, 2017) (denying defendant's motion for judgment on the pleadings under Rule 12(c) as premature because some of the parties "had not filed answers to Plaintiff's Complaint when [one of the defendants] moved for judgment on the pleadings"); *Scottsdale Ins. Co. v. Doe*, No. 7:13–CV–00342, 2014 WL 3778510,

19

at *3 (W.D. Va. July 30, 2014) ("[T]he pleadings are not closed because defendant Manges has not filed an answer to Scottsdale's complaint and no party has requested that default judgment be entered against him. Therefore, a remedy under Rule 12(c) is not available."); *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Employee Health & Welfare Plan*, No. 2:08-CV-1140, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009) ("[T]he pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering.").

Accordingly, Plaintiff's Motion shall be denied.

### IV. Conclusion

For the foregoing reasons, I shall deny plaintiff's Motion, and I shall grant defendants' Motion in part and deny it in part. In particular, I shall grant Defendants' Motion as to the discrimination claim brought under Title VII and as to the claims brought under the Collective Bargaining Agreement and § 2 of the Manual. I shall also grant their Motion as to the individually named defendants, as well as DPW and DHR. However, I shall deny Defendants' Motion as to the claims brought under Article 4 of the Baltimore City Code and under § 1 of the Manual. Additionally, I shall deny Plaintiff's Motion.

An Order follows.

Date: December 20, 2018                          /s/

                                                                                       Ellen L. Hollander
                                                                                       United States District Judge